IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES EDWARD LUSK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-18-0831 |
| | § | |
| ALICIA SCOTT, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Edward Lusk, TDCJ-CID #01964427, a state inmate proceeding *pro se*, filed this section 1983 lawsuit against two prison employees. He seeks monetary compensation for the defendants' confiscation of his personal property and retaliation.

Having screened the complaint pursuant to section 1915A, the Court **DISMISSES** this lawsuit for the reasons that follow.

### I. Background and Claims

Plaintiff reports that, on November 7, 2017, his cell was searched and his personal property was confiscated. He states that the defendants informed him that the property was confiscated because it was improperly stored and ownership was not established. Plaintiff disagrees with the reasons given by defendants for the confiscations. His step 1 and step 2 grievances were denied. He further complains that a week after he filed his grievances, his

job assignment at the prison laundry was changed in retaliation for the grievances. He asserts no complaints about any new job assignment he may have received.

Plaintiff seeks the return of his property and monetary compensation.

## II. Analysis

It is well settled that an "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful and adequate post-deprivation remedy under state law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see also Parratt v. Taylor*, 451 U.S. 527 (1981). The Texas court system provides an adequate post-deprivation remedy for the taking of personal property. *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir. 1986). Moreover, the Texas state administrative and judicial systems provide adequate state post-deprivation remedies for property taken from prisoners. *See* TEX. GOV. CODE § 501.007. Because Texas has adequate post-deprivation remedies, a prisoner does not have a basis for a section 1983 claim for the confiscation of his property. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Thus, plaintiff's claims for loss of his personal property must be dismissed for failure to raise a colorable claim for relief under section 1983.

Moreover, plaintiff's allegations fail to raise a colorable claim for retaliation against the named defendants. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008). Causation requires a showing that "but

for the retaliatory motive the complained of incident . . . would not have occurred." *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). However, plaintiff acknowledged in his step 2 grievance regarding the alleged retaliation that he did not know who had authorized or requested his job change. (Docket Entry No. 1, p. 14.) Indeed, he stated that an "unidentified staff member" changed his job assignment, and that he did not know "the Who, What, and Why" behind it. *Id.* Consequently, plaintiff has not alleged facts sufficient to raise a viable claim for retaliation against the named defendants, and the claim must be dismissed.

### III. Conclusion

Plaintiff's claims are **DISMISSED WITH PREJUDICE** for failure to raise a viable claim for which relief can be granted under section 1983. Any and all pending motions are **DENIED**.

**SIGNED** at Houston, Texas on the 7th day of May, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

3